**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **RANDY TYRONE FULLER,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | **NO. 5:12-CR-00035 (CAR)** |
| | : | **NO. 5:12-CV-90142 (CAR)** |
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Proceedings under 28 U.S.C. § 2255** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Petitioner Randy Tyrone Fuller has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Doc. 22. Because Petitioner has not yet been convicted or sentenced in the instant criminal proceedings and because the grounds raised in Petitioner's motion are not cognizable under Section 2255, it is hereby **RECOMMENDED** that Petitioner's motion be **DISMISSED** pursuant to Rule 4 of the Federal Rules governing Section 2255 proceedings.

On June 13, 2012, a one-count indictment was returned in this Court charging Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1. On August 10, 2012, during the early stages of the criminal proceedings, Petitioner filed the instant Section 2255 motion. Doc. 22. Petitioner's motion appears to attempt to (1) challenge a previous state court conviction, (2) allege that he was the victim of a sexual assault while previously confined at the Peach County Jail, and (3) contend that the instant federal charge resulted from an illegal search and seizure. Id.  A Section 2255 motion is not the appropriate vehicle to raise any of these grounds. See 28 U.S.C. § 2255.

Moreover, the Court has informed Petitioner that he is currently represented by counsel and that he is not entitled to file *pro se* pleadings in these proceedings while he is represented by counsel. See Doc. 49.[1] As such, any challenges surrounding his arrest or any other issues in these proceedings must be brought through his counsel.

Additionally, as the Court has previously noted, the Court has reason to believe that Petitioner is suffering from a mental disease or defect that that grossly affects his ability to understand the present proceedings and assist in his own defense. Because Petitioner does not yet have a federal conviction or sentence to challenge, it is not clear that Petitioner in fact intended to file a Section 2255 motion. It is also unclear whether Petitioner understands the strict limitations on filing successive Section 2255 motions and that the denial of this motion could prevent him from filing a cognizable Section 2255 motion if and when he is convicted and sentenced.

As such, it is **RECOMMENDED** that that Petitioner's Section 2255 motion be **DISMISSED** without prejudice. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 20th day of December, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

---

[1] An individual does not have a right to hybrid representation by both the individual and his legal counsel. Cross v. United States, 893 F.2d 1287, 1291-92 (11th Cir. 1990).

2