IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RANDY TYRONE FULLER,** | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:12-CR-00035 (CAR) |
| | : | NO. 5:13-CV-90172 (CAR) |
| **UNITED STATES OF AMERICA,** | : | |
| | : | Proceedings Under 28 U.S.C. § 2255 |
| Respondent. | : | Before the U.S. Magistrate Judge |

## RECOMMENDATION

Petitioner Randy Tyrone Fuller has filed his second *pro se* Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.[1] Doc. 68. Because Petitioner has not yet been convicted or sentenced in the underlying criminal proceedings, and because the grounds identified in this Motion are not cognizable under Section 2255, it is hereby **RECOMMENDED** that Petitioner's most recent Section 2255 Motion (Doc. 68) be **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

On June 13, 2012, a grand jury in this Court returned a one-count indictment charging Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 1. On May 25, 2013, during the pretrial stages of the above-styled criminal case, Petitioner executed the instant Section 2255 Motion, which he apparently attempted to file in the Eleventh Circuit Court of Appeals. Doc. 68. On June 5, 2013, the Clerk of the Eleventh Circuit Court of Appeals mailed Petitioner's Section 2255 Motion to this Court, stating that "there is no pending appeal in this court with this movant's name or the district court

---

[1] Petitioner previously filed a similar Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 22), which the Court dismissed without prejudice. Docs. 53, 59.

case number cited above" and that "this document is now being forwarded to your court for whatever action you deem appropriate." Doc. 68-2.

Upon preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, it appears that Petitioner's most recent Section 2255 Motion attempts to (1) challenge one or more previous criminal convictions in state court, (2) allege that he was drugged and sexually assaulted by numerous individuals during a past confinement at the Peach County Law Enforcement Center, and (3) contend that the above-styled criminal case resulted from an illegal search and seizure. Doc. 68. In relief, Petitioner requests "acceptance, neutrality, venue, assistance to move forward in the remedy or adjudication process with evidentiary hearing to exculpate movant, to dismiss current indictment, [and to] allow movant due process by burden of proof." Id. at 13.

As the Court previously explained to Petitioner, however, a Section 2255 Motion is not the appropriate vehicle to raise the above-listed grounds or pursue the requested relief. See 28 U.S.C. § 2255. In addition, as the Court previously found, there is reason to believe that Petitioner is suffering from a mental disease or defect that grossly affects his ability to understand the underlying criminal proceedings and to assist in his own defense. Doc. 46. Because the record establishes that Petitioner does not have any conviction or sentence to challenge in the above-styled criminal case at this time, it is unclear whether Petitioner intended to file a second *pro se* Section 2255 Motion in this Court or whether Petitioner intended to appeal the dismissal of his first *pro se* Section 2255 Motion in the Eleventh Circuit Court of Appeals. Similarly, it is unclear whether Petitioner understands the proper scope of Section 2255 and the strict limitations on filing a second or successive Section 2255 Motion. Moreover, as the Court previously warned Petitioner, because the record establishes that Petitioner is represented

by legal counsel, he is not entitled to file *pro se* pleadings while he is represented by counsel. Doc. 49. Instead, all of Petitioner's future pleadings must be submitted to the Court through his appointed legal counsel. Id.

For the above-listed reasons, it is **RECOMMENDED** that Petitioner's second *pro se* Section 2255 Motion (Doc. 68) be **DISMISSED WITHOUT PREJUDICE**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** of being served a copy thereof.

**SO RECOMMENDED**, this 18th day of June, 2013.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge